IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER K. BLACKLOCK,

           **Petitioner,**

v.                                       CASE NO. 23-3253-JWL

DAN SCHNURR[1],

           **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Christopher K. Blacklock. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will direct Petitioner to show cause why this matter should not be dismissed in its entirety because it was not timely filed.

### Background

In August 2011, a jury in Johnson County, Kansas convicted Petitioner of second-degree murder, possession of marijuana with intent to distribute, and possession of drug paraphernalia. (Doc. 1, p. 1.) The following month, he was sentenced to 311 months in prison. *Id.* Petitioner pursued a direct appeal and, in July 2014, the Kansas Court of Appeals (KCOA) affirmed Petitioner's convictions and sentences. *Id.* at 2; *State v. Blacklock*, 2014 WL 3731885, *1 (Kan.

---

[1] Petitioner has named the State of Kansas as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement ... the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Dan Schnurr, the current warden of Hutchinson Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

1

Ct. App. July 25, 2014) (unpublished opinion) (*Blacklock I*), *rev. denied* June 29, 2015. The Kansas Supreme Court (KSC) denied Petitioner's petition for review on June 29, 2015. It does not appear that Petitioner filed a petition for certiorari in the United States Supreme Court. (Doc. 1, p. 3.)

On June 8, 2016, Petitioner filed in Johnson County District Court a motion seeking state habeas corpus relief under K.S.A. 60-1507. *See id.* The state district court denied habeas relief in February 2019 and Petitioner appealed. *Id.* The KCOA affirmed the denial in an opinion issued December 17, 2021. *Id.* at 3-4; *Blacklock v. State*, 2021 WL 5991884, *1 (Kan. Ct. App. Dec. 17, 2021) (unpublished) (*Blacklock II*), *rev. denied* Nov. 23, 2022. The KSC denied Petitioner's petition for review on November 23, 2022.

On November 15, 2023, Petitioner placed into the prison mailing system the pro se petition for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254 that is now before this Court. (Doc. 1, p. 14.) Thus, his petition is considered filed as of that day. *See United States v. Hopkins*, 920 F.3d 690, 696 n. 8 (10th Cir. 2019) ("Because [Petitioner] was a prisoner and filed his motion pro se, he may rely on the 'prison mailbox rule,' which makes the date on which he presented his motion to prison officials for mailing the filing date for timeliness purposes.").

**Standard of Review**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes his filings. *See Hall v. Bellman*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of Petitioner's advocate and it will not construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**Analysis**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Rule 13(1) of the Rules of the Supreme Court of the United States allows ninety days from the date of the conclusion of direct appeal to seek certiorari, and the Tenth Circuit has explained that "if a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [her] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256,

3

1259 (10th Cir. 2003).

In this matter, the KSC denied review in Petitioner's direct appeal on June 29, 2015. Petitioner therefore had until and including September 28, 2015[2] to file a petition for certiorari in the United States Supreme Court. There is no indication that Petitioner filed a petition for certiorari, so on September 29, 2015, the one-year AEDPA limitation period began to run. Under the "anniversary method" used in the Tenth Circuit, the final day for Petitioner to timely file his § 2254 petition in this Court was September 29, 2016. *See Hurst*, 322 F.3d at 1260.

The AEDPA also includes a tolling provision, however, that states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In this case, that means that the one-year AEDPA limitation period was tolled, or paused, when Petitioner filed his K.S.A. 6-1507 motion on June 8, 2016. The Tenth Circuit has explained that when this type of statutory tolling applies, the number of days that the relevant state-court matter is pending "is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court." *Stuart v. Utah*, 449 Fed. Appx. 736, 738 (10th Cir. Nov. 30, 2011) (unpublished) (citing *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011)).

Petitioner's K.S.A. 60-1507 proceeding became final on November 23, 2022, when the KSC denied his petition for review. Thus, it was pending from June 8, 2016 through November

---

[2] Rule 30 of the Rules of the Supreme Court of the United States explains that "the day of the act, event, or default from which the designated period begins to run is not included. The last day of the period shall be included, unless it is a Saturday, Sunday, federal legal holiday listed in 5 U.S.C. § 6103, or day on which the Court building is closed by order of the Court or the Chief Justice, in which event the period shall extend to the end of the next day that is not a Saturday, Sunday, federal legal holiday, or day on which the Court building is closed." For Petitioner, the 90-day period to file a petition for certiorari therefore began on June 30, 2015 (the day after the KSC denied review). The last day of the 90-day period was September 27, 2015, which was a Sunday. Accordingly, the period for seeking certiorari was extended to include Monday, September 28, 2015.

4

23, 2022, for a total of 2,725 days. When those days are added to the original one-year anniversary date of September 29, 2016, it gives the new filing deadline for this matter: March 16, 2023. Yet Petitioner did not file this federal habeas petition until November 15, 2023.

The Court notes that the portion of the form complaint for addressing the timeliness of the § 2254 petition is blank. (Doc. 1, p. 13.) Thus, it appears from the information now before this Court that this matter was not timely filed and, as such, it is subject to dismissal with prejudice. The Court will grant Petitioner time, however, to show cause why this matter should not be dismissed as untimely.

In addition to the statutory tolling provision, the AEDPA limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). However, "[s]imple excusable neglect is not sufficient." *Id.* (citation omitted).

There also is an exception to the AEDPA limitation period that applies in cases of actual innocence. To obtain the actual innocence exception, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v.*

*Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" not presented at trial that makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

Liberally construing the petition, as is appropriate since Petitioner proceeds pro se, it may be that Petitioner wishes to assert the actual innocence exception. He has included an affidavit that asserts "newly discovered evidence" related to Petitioner's belief that the individual who prosecuted his 2011 trial in Johnson County, Kansas, lived in 1993 in the same city as Petitioner and was a member of the same gang as Petitioner's codefendant and Petitioner's victim. (Doc. 1-1-1, p. 57-58.) Petitioner asserts that he did not recognize her during trial but now remembers her involvement in the gang. *Id.* at 57.

First, it is questionable whether newly remembered evidence is newly discovered evidence. But even assuming that it is, the gang affiliation of the victim and codefendant was the subject of testimony at Petitioner's trial, both by Petitioner and another witness. *State v. Blacklock*, 2014 WL 3731885, at *3, 5. Thus, the only "new" information in the affidavit is the prosecutor's alleged gang involvement more than 17 years before the trial. Assuming for the sake of argument that this information is accurate, it might show an improper motive by the prosecutor, but the Court cannot conclude that it demonstrates *factual* innocence. For purposes of the actual innocence exception to the AEDPA statute of limitations, "[a]ctual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). This is because the actual innocence exception

6

exists to provide an avenue to remedy "the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623-24.

The testimony and evidence admitted at trial included incriminating statements by Petitioner that he had stabbed the victim; a witness who saw Petitioner chase the victim, who was "bleeding profusely," out of the car in which they were the only two individuals; Petitioner's admission to police that he and the others involved were transporting drugs; and Petitioner's identification of a knife as the knife with which he stabbed the victim, who later died. It is unlikely that this evidence would have been significantly undermined by evidence that the prosecutor was a member of the same gang as the victim and defendant more than 10 years before the events underlying the prosecution. In other words, on the facts now before the Court, it does not seem more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt had they known about the prosecutor's alleged previous gang involvement.

Accordingly, this matter does not appear to have been timely filed and it is subject to dismissal unless Petitioner demonstrates grounds for additional statutory tolling or equitable tolling or he establishes that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause in writing why this matter should not be dismissed as time-barred. If Petitioner successfully does so, the Court will issue further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED THAT** Dan Schnurr, Warden of Hutchinson Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED THAT** Petitioner is granted until and including February

5, 2024, in which to show cause, in writing, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation. The failure to timely respond to this order will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 3rd day of January, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
