IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER K. BLACKLOCK,

                **Petitioner,**

    v.                                                CASE NO. 23-3253-JWL

DAN SCHNURR,

                **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Christopher K. Blacklock. Petitioner filed his 150-page petition and exhibits on November 29, 2023. (Doc. 1.) On January 3, 2024, the Court issued a notice and order to show cause (NOSC) explaining that this matter appears untimely filed and directing Petitioner to show cause in writing, on or before February 5, 2024, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation. (Doc. 3.) In response, Petitioner filed 178 pages of documents. (Doc. 4.)

On January 31, 2024, the Court issued a memorandum and order (M&O) directing Respondent to file a limited pre-answer response regarding Petitioner's assertion that he is entitled to the actual innocence exception to the one-year time limitation. (Doc. 5.) The M&O further stated:

> Petitioner's response consists of 178 pages. (Doc. 4.) The Court will not detail each page specifically in this memorandum and order, but Petitioner is assured that the Court has read and carefully considered the entire response. Moreover, because of Petitioner's pro se status, the Court has liberally construed the response and all exhibits included therein. That being said, the response contained many unnecessary pages, including documents already filed with this Court, a copy of the NOSC issued by this Court, and multiple copies of documents. (*See, e.g.*, Doc. 4,

1

p. 3-10 (copy of NOSC), p. 93-96 (copy of affidavit already filed); p. 11 and 102 (identical copies of 2022 mandate); p. 35-46 and 103-16 (copies of "Amended/Supplemental K.S.A. 60-1507 Petition and Memorandum of Law in Support").) This kind of duplicative filing unnecessarily consumes the Court's resources. *See In re McDonald*, 489 U.S. 180, 184 (1998). Petitioner is instructed to ensure that any future filings he makes with this Court include only relevant documents that are not already filed in this case and are not duplicated within the same submission.

*Id.* at 3 n.2.

On February 7, 2024, the Court received from Petitioner 212 pages of documents to be filed. (Doc. 6.) There is no title page for the documents, the Court was not anticipating a submission from Petitioner in this matter, and there is no obvious reason Petitioner wishes these documents filed in this matter at this time. Moreover, the documents clearly run afoul of the Court's instruction that Petitioner refrain from filing irrelevant or duplicative documents. Of the 212 pages in Petitioner's most recent filing, 177 pages are copies of documents Petitioner filed in his earlier, 178-page response to the NOSC. (Compare Doc. 4, p. 1-100, 102-178 with Doc. 6, p. 14-35, 38-42, 44-70, 72-171, 173-194, 212.) The additional 35 pages in Petitioner's latest filing consist only of documents that are either already on file with the Court or do not appear relevant to whether this matter was timely filed.[1]

"'The right of access to the courts is neither absolute nor unconditional.'" *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citation omitted). Rather, "[f]ederal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored

---

[1] The 35 pages of "new" documents in this most recent filing are as follows: a copy of the notice of electronic filing (NEF) Petitioner received when the January 31, 2024 M&O was filed (Doc. 6, p. 1); a copy of that M&O with a brief handwritten notation on one page, *id.* at 2-13; 19 pages of excerpts from state-court transcripts, *id* at 36-37, 195-211; a photograph marked "State's Exhibit 124" showing what appears to be a bloody knife on the ground next to a traffic cone, *id.* at 43; a page of argument related to Petitioner's belief that the state prosecutor at his criminal trial misrepresented the number of stab wounds the victim received, *id.* at 71; a typewritten report purportedly from an individual named Kristi Bergeron about a phone call she received on September 9, 2010 in which the caller stated he had information about "the I[ ]35 stabbing"; Ms. Bergeron "caught the phrases 'to buy drugs and then they were 'planning to rob and kill'"" before she transferred the call, *id.* at 172.

restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (citation omitted). The processing of the largely duplicative and/or irrelevant 212 pages of documents in Petitioner's most recent filing has unnecessarily consumed judicial resources. Petitioner is advised that his filing practices are approaching the level of abusive litigation. He is therefore cautioned that if he continues to file voluminous sets of duplicative documents with this Court, he may be subject to filing restrictions.

Because Petitioner's documents do not articulate a clear request for relief and are largely duplicative of previously filed documents, no further action will be taken on this latest filing.

**IT IS THEREFORE ORDERED THAT** no action will be taken on Petitioner's submission (Doc. 6). Petitioner is cautioned that if he continues to file duplicative and irrelevant documents in this matter, he may be subject to filing restrictions.

DATED:   This 9th day of February, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge