IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRISTOPHER K. BLACKLOCK,

                        **Petitioner,**

      v.                                              CASE NO. 23-3253-JWL

DAN SCHNURR,

                        **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Christopher K. Blacklock. On January 31, 2024, the Court issued an order directing Respondent to file a limited pre-answer response (PAR) related to Petitioner's assertion of the actual innocence exception to the statute of limitations. (Doc. 5.) The order stated, in relevant part:

> In order to resolve . . . whether Petitioner has shown entitlement to the actual innocence exception, this Court must "consider all the evidence, old and new, incriminating and exculpatory" and conduct "'a holistic judgment about all the evidence[] and its likely effect on reasonable jurors applying the reasonable-doubt standard.'" *See Fontenot* [*v. Crow*], 4 F.4th [982, ] 1031-32 [(10th Cir. 2021)] (internal quotation marks and citations omitted). This type of holistic judgment requires the examination of the record of Petitioner's criminal proceedings, which are not currently before this Court.
>
>     . . . .
>
>     . . . If Respondent chooses to assert the affirmative defense of timeliness, Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner.

(Doc. 5, p. 11.)

Respondent sought and was granted two extensions of the deadline for submission of the

1

PAR and the state-court records. (Docx. 8-11.) On June 4, 2024, Respondent filed his PAR and over 2,200 pages of state court records. (Docs. 12 and 13.) Regarding the records, the PAR states that Respondent discovered information "in both Petitioner's direct appeal (10CR2190) and the 60-1507 proceedings" that concerns the credibility of an individual upon whose statements Petitioner relies in part for his assertion of actual innocence. (*See* Doc. 12, p. 3.) The Court agrees with Respondent that such records are appropriate for consideration in an actual innocence analysis such as this.

The PAR also states:

> Respondent has discovered a clerical error in the indexed records from 10CR2190 (the underlying criminal case) in 16CV3391 [(the 60-1507 proceeding)]. Based on the filing from Petitioner's direct appeal, Petitioner filed a motion asserting ineffective assistance of counsel that listed several grounds in 10CR2190, but that motion went unresolved. While it does not appear that those records will be necessary to resolve this matter because the trial transcript is included, Respondent has requested the Record on Appeal from Petitioner's direct appeal be reconstructed. As of this filing's date, the records have not been received by Respondent. Respondent respectfully requests additional time to file those records as ordered by this Court.

*Id.*

The Court first notes that Respondent has not filed a motion for additional time to file the records he was directed to provide. Respondent is cautioned that including such a request within the pages of a PAR generally is not sufficient. If Respondent desires additional time to comply with an order of this Court, he must file a motion requesting additional time. In the interest of efficiency in this matter, the Court will act of its own accord and reset the deadline by which Respondent must file the remaining state court records or move for an additional extension of time in which to do so. Respondent should not depend on such events occurring in the future.

It also appears that Respondent may be unclear on the records the Court requires in this matter. If so, some confusion is understandable, as this type of actual innocence analysis is a

relatively rare occurrence in the context of federal habeas matters such as this one. As explained in the January 2024 order, to determine whether Petitioner has shown that the actual innocence exception applies to allow this untimely § 2254 petition, this Court must decide whether Petitioner has met his burden to identify reliable evidence that was not presented at trial and in light of which, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *See House v. Bell*, 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). (Doc. 5, p. 4-5.) In other words, the Court must "engage in a counterfactual analysis, determining whether a jury confronted with all the evidence now known would still have convicted the petitioner of the crime charged." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021). "[T]his Court must 'consider all the evidence, old and new, incriminating and exculpatory.'" (Doc. 5, p. 11 (quoting *Fontenot*, 4 F.4th at 10-31-32).) Moreover, in this context, "courts are not 'bound by the rules of admissibility that would govern at trial'" and "may 'consider the probative force of relevant evidence that was either excluded or unavailable at trial.'" *Id.* This Court must determine whether "reasonable, properly instructed jurors" faced with all of the evidence including the "newly proffered evidence" would have reasonable doubt about whether Petitioner committed murder. *See Taylor*, 7 F.4th at 938.

    This broad scope means that, at the very least, this Court must have before it as much of the evidence that the jury actually considered at the trial as possible. The Court also recognizes, however, that certain evidence shown to the jury, such as Petitioner's shirt, shoes, and shorts (*see* Doc. 13-27, p. 17), would not necessarily assist the Court in this analysis beyond what the Court can glean from the trial transcripts. But in this case, the evidence submitted at trial also included photographs and audio recordings. (*See* Doc. 13-26, p. 3; Doc. 13-27, p. 2; Doc. 13-29, p. 3); *see also State v. Blacklock*, 2014 WL 3731885, *5 (Kan. Ct. App. 2014) (unpublished) ("The State

played audio recordings of those conversations for the jury[ and] then played a video recording of an interview between Detective Thompson and Blacklock . . . ."). In order for the Court to conduct the actual innocence analysis, those exhibits must be provided to this Court.

It appears that Respondent may be attempting to obtain those items, since he advises the Court that he "has requested the Record on Appeal from Petitioner's direct appeal be reconstructed." (*See* Doc. 12, p. 3.) In any event, the records currently submitted to this Court do not appear to contain many of the exhibits which were admitted at trial and would be necessary for a thorough actual innocence analysis. Without these exhibits, the Court is less able to complete a full analysis of what the jury would have done in light of the newly asserted evidence. Thus, unless those exhibits are unavailable and unrecoverable, Respondent should submit them.

Respondent is therefore directed to submit, on or before July 8, 2024, the remainder of the state court records from Petitioner's criminal proceeding, including such trial exhibits as may be electronically filed. Respondent is also directed to conventionally file any audio and/or video exhibits admitted at trial in accordance with the requirements set forth in the Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas, Section IV(C). If Respondent needs additional time to gather and submit the remaining records and transcripts from the criminal proceeding, he must file, on or before July 8, 2024, a motion for extension of time that sets forth the status of his efforts and an estimation of the additional time needed. Respondent is advised for future reference that the best practice is to submit state-court records only after they are all collected and to request additional time as needed to compile all the records required.

In addition, because the record is not yet complete, the Court will stay the July 8, 2024 deadline previously set for Petitioner to reply to the PAR. (*See* Doc. 11.) Once Respondent has

submitted the entirety of the state-court records required, the Court will issue further orders as necessary and set a new deadline for Petitioner to reply.

**IT IS THEREFORE ORDERED THAT** Respondent's request for additional time to submit state-court records, as made in the PAR filed June 4, 2024, will be granted. Respondent is directed to submit, on or before July 8, 2024, the remaining records and transcripts from Petitioner's criminal proceedings, as detailed in this order. Because the record is not currently complete, the Court stays the current deadline for Petitioner's reply to the PAR. Once Respondent completes the submission of state-court records, the Court will issue an order setting a deadline for Petitioner to reply to the PAR.

**IT IS SO ORDERED.**

DATED:   This 7th day of June, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
