**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**CHRISTOPHER K. BLACKLOCK,**

**Petitioner,**

v.                                                               **CASE NO. 23-3253-JWL**

**DAN SCHNURR,**

**Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Christopher K. Blacklock. Petitioner has asserted that he is entitled to the actual innocence exception to the federal habeas statute of limitations. (Doc. 4, p. 13.) Thus, in January 2024, the Court ordered Respondent to file a limited pre-answer response (PAR) on or before April 5, 2024, regarding the actual innocence exception. (Doc. 5.) That order stated, in relevant part: "If Respondent chooses to assert the affirmative defense of timeliness, Respondent shall cause to be forwarded to this Court for examination and review the records and transcripts, if available, of the criminal proceedings complained of by Petitioner." (Doc. 5, p. 11.) After receiving two extensions of the deadline, Respondent filed his PAR and over 2,200 pages of state court records, but he did not include certain parts of the criminal trial record, nor did he clearly advise the Court that the records submitted were incomplete and more time was needed to complete the submission.

Thus, on June 7, 2024, the Court issued a memorandum and order (M&O) that, in part, advised Respondent that including a request for more time to comply with a court order in the body of the PAR and not filing a separate motion for extension of time

1

generally is not sufficient. If Respondent desires additional time to comply with an order of this Court, he must file a motion requesting additional time. In the interest of efficiency in this matter, the Court will act of its own accord and reset the deadline by which Respondent must file the remaining state court records or move for an additional extension of time in which to do so. Respondent should not depend on such events occurring in the future.

(Doc. 14, p. 2.)

The M&O reminded Respondent of the holistic review required to determine whether a claim of actual innocence provides an exception to the federal habeas statute of limitations, explaining:

> This broad scope means that, at the very least, this Court must have before it as much of the evidence that the jury actually considered at the trial as possible. The Court also recognizes, however, that certain evidence shown to the jury, such as Petitioner's shirt, shoes, and shorts (*see* Doc. 13-27, p. 17), would not necessarily assist the Court in this analysis beyond what the Court can glean from the trial transcripts. But in this case, the evidence submitted at trial also included photographs and audio recordings. (*See* Doc. 13-26, p. 3; Doc. 13-27, p. 2; Doc. 13-29, p. 3); *see also State v. Blacklock*, 2014 WL 3731885, *5 (Kan. Ct. App. 2014) (unpublished) ("The State played audio recordings of those conversations for the jury[ and] then played a video recording of an interview between Detective Thompson and Blacklock . . . ."). *In order for the Court to conduct the actual innocence analysis, those exhibits must be provided to this Court.*
>
> It appears that Respondent may be attempting to obtain those items, since he advises the Court that he "has requested the Record on Appeal from Petitioner's direct appeal be reconstructed." (*See* Doc. 12, p. 3.) In any event, the records currently submitted to this Court do not appear to contain many of the exhibits which were admitted at trial and would be necessary for a thorough actual innocence analysis. Without these exhibits, the Court is less able to complete a full analysis of what the jury would have done in light of the newly asserted evidence. Thus, *unless those exhibits are unavailable and unrecoverable, Respondent should submit them*.
>
> Respondent is therefore directed to submit, on or before July 8, 2024, the remainder of the state court records from Petitioner's criminal proceeding, including such trial exhibits as may be electronically filed. *Respondent is also directed to conventionally file any audio and/or video exhibits admitted at trial in accordance with the requirements set forth in the Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in the United States District Court for the District of Kansas, Section IV(C). If Respondent needs additional time to gather and submit the remaining records and transcripts*

*from the criminal proceeding, he must file, on or before July 8, 2024, a motion for extension of time that sets forth the status of his efforts and an estimation of the additional time needed.* Respondent is advised for future reference that the best practice is to submit state-court records only after they are all collected and to request additional time as needed to compile all the records required.

(Doc. 14, p. 3-4 (emphasis added).)

On July 8, 2024, the deadline for complying with the M&O, Respondent submitted an additional 1,269 pages of state court records. (Docs. 15 through 15-20.) He did not, however, submit the trial exhibits, despite submitting a state-court table of contents for the record on appeal that clearly identifies the exhibits. (Doc. 15-20, p. 6 (Volume XX included State's Exhibit 21, a "DVD"; State's Exhibits 22A- 22I, "DVD'S"; State's Exhibit 23, a "video"; etc.).) Despite the clear direction in the M&O, Respondent did not file an explanation of his failure to comply with the M&O, any acknowledgment of the missing exhibits, or a motion for an extension of time in which to complete the submission.

**IT IS THEREFORE ORDERED THAT** Respondent is granted to and including **July 17, 2024**, in which to either (1) comply with the Court's previous order and conventionally file with the Court the audio and video recordings admitted into evidence at Petitioner's trial and any of the other trial exhibits available or (2) file a written response to this order explaining his failure to comply. The Court will then issue additional orders as necessary.

**IT IS SO ORDERED.**

DATED:   This 10th day of July, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge